UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND

Civil Action No. 06-119-HRW

WILLIAM N. SCHATZ, JR.,                                              PLAINTIFF,

v.                      **MEMORANDUM OPINION AND ORDER**

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,              DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for a period of disability, disability insurance benefits and supplemental security income benefits on April 12, 2004, alleging disability beginning on October 21, 2003, due to " 3 ruptured disc[s] in neck, back pain, one leg being shorter, acid reflux and  mental counseling" (Tr. 63

and 77).  This application was denied initially and on reconsideration.  On November 21, 2005, an administrative hearing was conducted by Administrative Law Judge Charlie Paul Andrus (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified.  At the hearing, Harry T. Tanzey, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

>Step 1:  If the claimant is performing substantial gainful work, he is not disabled.
>
>Step 2:  If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
>Step 3:  If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
>Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
>Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On February 16, 2007, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 23-33).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 25).

The ALJ then determined, at Step 2, that Plaintiff suffered from vertebrogenic disorder of the cervical and lumbar spine, which he found to be "severe" within the meaning of the Regulations (Tr. 25-26).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 26). In doing so, the ALJ specifically considered listings 1.00 and 12.00 (Tr. 26-28).

The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 31) but determined that he has the residual functional capacity ("RFC") light level work activity, with certain exertional and non-exertional limitations (Tr. 28).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 31).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on August 3, 2006 (Tr. 6-9).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 11 and 12] and this matter is ripe for decision.

### III.  ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that

would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

In seeking a reversal of the ALJ's decision, Plaintiff argues that the ALJ improperly discounted the opinion of his treating neurologist, Dr. Alexander Tikhtman.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). The Court is mindful of the fact that the Commissioner is not bound by a treating physician's opinion. Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985)(citations omitted).

In this case, the ALJ discounted the severe restrictions suggested by Dr. Tikhtman. In doing so, the ALJ pointed out that Dr. Tikhtman's own treatment records show an improvement in Plaintiff's symptoms with medication and discontinuation of heavy lifting. Indeed, the ALJ's RFC incorporates Dr. Tikhtman's restrictions with regard to heavy lifting and strenuous manual labor.

5

The ALJ also noted that Dr. Tikhtman's opinions of extreme limitation in functional capacity were rendered after a relatively brief treatment history, consisting of 5-6 sessions.  It seems these opinions were rendered only after Plaintiff told Dr., Tikhtman that he was applying for long-term disability.  The ALJ found that the lack of treatment, coupled with the lack of corroboration from other medical sources of record, detracted from the credibility of the treating source's opinion and, thus, the ALJ declined to give it controlling weight.

The Court agrees with the ALJ's assessment.  Having reviewed the record, there is no objective medical evidence which would support the severe restrictions suggested by Dr. Tikhtman.  Rather, the RFC fashioned by the ALJ is supported by substantial evidence on the record.

As for Dr. Tikhtman's statements that plaintiff "is likely disabled for all manual/physically demanding work," "disabled for all work" and is "totally disabled."  The ALJ was correct in disregarding these conclusory remarks.  It is within the province of the ALJ to make the legal determination of disability.  The ALJ is not bound by a treating physician's conclusory statement, particularly where the ALJ determines, as he did in this case, where these is medical proof that Plaintiff retains the RFC to work in some capacity other than her past work.  *See King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984).

6

Plaintiff also contends that the ALJ did not consider his allegations of pain and its effect on his ability to perform work activity.  To the contrary, it is evident in the decision that the ALJ gave detailed attention to Plaintiff's allegations of pain and other symptoms.   The ALJ weighed Plaintiff's allegations against the objective evidence of minimal treatment and reports of improvement after refraining from heavy lifting (Tr. 29-30).

It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987).  In this case, the ALJ found Plaintiff's allegations of disabling pain to be "only fairly credible" (Tr. 30). Subjective claims of disabling pain must be supported by objective medical evidence. *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 852-853 (6th Cir. 1986).  Based upon the record, Plaintiff's subjective complaints do not pass *Duncan* muster.   As discussed above, the credible medical evidence supports a finding of some restriction in work function, not a complete inability to perform work activity.

Having reviewed the record, the Court finds the ALJ's assessment of Plaintiff's credibility to be supported by substantial evidence.

## III.  CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record.  Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.  A judgment in favor of the Defendant will be entered contemporaneously herewith.

This April 13, 2007.

Signed By:
<u>Henry R Wilhoit Jr.</u>
United States District Judge